Exhibit 3

Anthony Zara
612 NW 47th Terrace
Deerfield Beach, FL 33442

April 23, 2016

**VIA Email to: cwallace@rossvet.edu.kn**
Ross University School of Veterinary Medicine
Dr. Charles Wallace, Interim Associate Dean
Student and Alumni Affairs
PO Box 334
Basseterre, St. Kitts
West Indies

     RE:    Zara / Case Number 20161_26

Dear Dr. Charles Wallace,

This letter is to serve official notice of my election to appeal the above-referenced case in accordance with Section 1.8.6 of the Student Handbook. My appeal is based upon a number of issues where the school failed to adhere to and follow procedures set forth in the Student Handbook.

The hearing on April 14, 2016, was not administered fairly. As the respondent, I was not provided a reasonable opportunity to prepare and present a rebuttal of the allegations being made against me. I received only about an hour on the day before the hearing to review and comprehend all of the information for this case. RUSVM failed to give me full and complete disclosure. As a result, I was unable to prepare a proper case and defense. Adjournment was made based on short notice and late disclosure; therefore, I was treated unfairly by the tribunal.

RUSVM failed to follow its own policies set forth in the Student Handbook regarding an incident of this nature. The Student Handbook states, on page 30 (section 1.10.13), under Investigations of Sexual Misconduct that ". . . a prompt, fair and impartial investigation will be initiated. If allegations are substantiated based upon the totality of the circumstances, the respondent may be subject to the code of conduct process . . . ." The Student Handbook further states, on page 22 (section 1.8.3), under Disciplinary procedures - Charges and Hearings, paragraph one ". . . that any charge of misconduct should be submitted as soon as possible after the event takes place."

RUSVM failed to follow its own policies, as the allegations made by Ms. Ferrari were from four months to a year ago. Moreover, the allegations were relayed to RUSVM by the local police who the school itself regards with great suspicion. I was not afforded a prompt, fair and impartial investigation based upon the totality of the circumstances, as required by the Student Handbook. At no time was there an investigation or conference with me regarding dating violence. RUSVM neglected to investigate these allegations in a prompt, fair and impartial manner. The panel acted without jurisdiction as many of the edicts of the Student Handbook were not followed.

Prior to my meeting with Mr. Fazio, a perceived bias emerged. Mr. Fazio acted with bias when he told students not be friends with someone like me and, specifically, to reevaluate any relationship with me. Additionally, he included his notes from his encounters with these students as their testimony instead of obtaining actual written statements from each witness. Mr. Fazio's actions led to confusion amongst the tribunal members in regards to what witnesses actually stated. Mr. Fazio's notes were not reviewed nor signed by the witnesses and contained only information Mr. Fazio chose to include. These notes were accepted as evidence during the hearing and taken as true despite a complete lack of authentication as to their accuracy.

Finally, I was asked to write letters and give statements without any warning or caution about self-incrimination. Fundamental due process was not upheld because I was not made aware that there would be no adverse inference by remaining quiet. Instead, I felt the need to respond to you to my detriment.

When the ultimate sanction is involved in the decision, the respondent must be made aware of the potential implications if found in violation. This was the first time I was called before a RUSVM Conduct Panel. This was an unfamiliar process for me, but once there was a threat of expulsion, all due diligence needed to be taken into account concerning all of the rights of those involved. This was not what happened, and I should have been notified that expulsion was a serious possibility. I would have opted for legal representation in a hearing where the ultimate sanction is levied.

RUSVM has an obligation to protect the interests of all of its students equally and without bias. Students are here for more than a DVM; we are also here to grow and become professionals. RUSVM must make it possible for all of its students to have an equal opportunity to reach their goals as well as provide every student an equal opportunity to become a better person along the way. I was unlawfully arrested, my rights have been violated, and RUSVM has, effectively, turned its back on me. I request that my expulsion be reversed so that I may take my final exams. Additionally, I should be able to finish my final two semesters starting this May, pending the results of final exams.

Judicious action needs to be made based on actual evidence and must be in accordance with the natural laws of justice. Due process cannot be compromised as this affects my immigration status on island and my career. RUSVM did not follow the law or its own policies in determining whether the allegations against me were factually, ethically, principally or legally accurate. Procedurally, RUSVM has made a mess of this situation and failure to address these concerns may result in my seeking judicial review, as I have been convicted of things for which there is no factual basis.

Sincerely,


Anthony Zara