**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANTHONY ZARA, Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-cv-5156 |
| | ) | |
| DEVRY EDUCATION GROUP, INC.; | ) | Judge Andrea R. Wood |
| DEVRY MEDICAL INTERNATIONAL, INC.; | ) | |
| ROSS UNIVERSITY SCHOOL OF MEDICINE, | ) | |
| SCHOOL OF VETERINARY MEDICINE (ST. KITTS) LTD.; | ) | |
| and ALEXA FERRARI, Defendants. | ) | |

**DEFENDANT ALEXA FERRARI'S MEMORANDUM OF LAW
IN SUPPORT OF HER FED. R. CIV. P. RULE 12(b)(2) MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Plaintiff's second amended complaint did not allege any basis for this Court's personal jurisdiction over Alexa Ferrari. Everything plaintiff complained of happened in the Caribbean island nation of St. Kitts and Nevis ("St. Kitts"). Plaintiff is a Florida resident, and Ms. Ferrari is a Tennessee resident when not in school. She did not direct any alleged tortious conduct to Illinois. She has no other contacts with Illinois regarding this case, or otherwise. Plaintiff's claims against her should be dismissed.

**RELEVANT ALLEGATIONS IN THE SECOND AMENDED COMPLAINT**[1]

Plaintiff is a Florida resident and former veterinary student at the Ross University School of Veterinary Medicine ("RUSVM") on St. Kitts, having been expelled in April

---

[1] Ms. Ferrari denies many of plaintiff's allegations, but does not challenge them for the purposes of this motion.

2016 for alleged violence and disorderly conduct on St. Kitts. (Second Amended Complaint ("Compl."), ¶¶ 5, 10, 69). RUSVM is a foreign company located on St. Kitts, and incorporated under St. Kitts law. (*Id*., ¶ 6). RUSVM is a subsidiary of DeVry Education Group, Inc. ("DEG") and DeVry Medical International, Inc. ("DMI"). (*Id*., ¶¶ 7-8). DEG's administrative offices are in Illinois. (*Id*., ¶ 8).

Ms. Ferrari is a current RUSVM student on St. Kitts, and has been a student there since before April 2015, when she and plaintiff began dating. (*Id*., ¶¶ 11, 14-15). When she is not in school, Ferrari is a Tennessee resident. (*Id*., ¶ 9).

On and off between April and December 2015, plaintiff and Ms. Ferrari lived together on St. Kitts while attending RUSVM. (*Id*., ¶¶ 14-25). Their relationship was tumultuous, for which Ms. Ferrari and her cats were to blame, plaintiff alleged. (*Id*.). Later, on April 6, 2016, plaintiff was arrested and allegedly beaten up by the St. Kitts police while he was at an apartment complex on St. Kitts where Ms. Ferrari lived. (*Id*., ¶¶ 26-35). His arrest and alleged beating resulted from Ms. Ferrari's false reports to the St. Kitts police, he claimed. (*Id*.). After making bail on April 8th, RUSVM officials on St. Kitts notified him that the school was investigating him based on Ms. Ferrari's allegedly false reports to RUSVM. (*Id*., ¶¶ 43-45). The ensuing investigation, which took place entirely on St. Kitts, was stacked against him, plaintiff alleged. (*Id*., ¶¶ 46-68).

On April 15th, RUSVM held a disciplinary hearing on St. Kitts, after which the school expelled plaintiff based on findings of (a) physical and verbal abuse of St. Kitts

police officers, a St. Kitts property manager (Dave Wright), and Ms. Ferrari; (b) bullying and dating violence against Ms. Ferrari; (c) damaging St. Kitts police uniforms; (d) resisting and fleeing arrest by St. Kitts police; (e) disregarding orders to stay away from a St. Kitts apartment complex; and other disorderly conduct while on St. Kitts. (*Id.*, ¶ 69).

Based on these allegations, plaintiff claimed that RUSVM violated Title IX, breached its contract with him, and was liable for negligence (counts I, II, and III); that all defendants were liable for intentional infliction of emotional distress (("IIED"), count IV); and that Ms. Ferrari tortiously interfered with his contract with RUSVM (count V).

Nowhere in plaintiff's second amended complaint, however, is any allegation that Ms. Ferrari directed any of her "false" reports to anyone in Illinois, that her conduct was otherwise directed to Illinois, or that she has any other contacts with Illinois.

### PLAINTIFF'S SERVICE ON MS. FERRARI OCCURRED ON ST. KITTS

On May 20, 2016, plaintiff served process on Ms. Ferrari at RUSVM on St. Kitts, by a student there named Laurel Nakata. (5/20/16 return of service, filed 5/27/16, R. 12, attached here as exhibit 1). Ms. Ferrari was not served with process in Illinois.

### MS. FERRARI HAS NO CONTACTS WITH ILLINOIS

As set forth in her accompanying declaration, Ms. Ferrari lives on St. Kitts while she attends RUSVM there. (Declaration of Alexa Ferrari ("Ferrari Decl."), ¶¶ 2-3). When she is not in school, she resides in Tennessee. (*Id.*, ¶ 4). She has never resided in Illinois, nor has she traveled to Illinois. (*Id.*, ¶¶ 5-6). She does not own any real or personal

property in Illinois, nor does she have any bank accounts or other accounts in Illinois. (*Id.*, ¶¶ 7-8). She has never transacted or done any business in Illinois. (*Id.*, ¶ 9). She never communicated with anyone in Illinois about plaintiff, or about any fact or issue involved in this case, other than defendants' attorneys after the lawsuit was filed. (*Id.*, ¶ 10). She has no other connection with Illinois. (*Id.*, ¶ 11).

<u>**ARGUMENT**</u>

### I. Legal Standards.

Plaintiff has the burden of establishing personal jurisdiction over each defendant individually. *Tamburo v. Dworkin*, 601 F.3d 693, 700-01 (7th Cir. 2010). Co-defendants' Illinois contacts do not count. *See Richard Knorr Int'l, Ltd. v. Geostar, Inc.*, No. 08 C 5414, 2010 WL 1325641, at * 4 (N.D. Ill. Mar. 30, 2010) (Coar, J.) (personal jurisdiction is a defendant-specific inquiry, each defendant individually must be subject to personal jurisdiction, and co-defendants' contacts may not be aggregated). Because plaintiff's claims against Ms. Ferrari are based on diversity and/or supplemental jurisdiction (compl., ¶¶ 1-3), this Court's personal jurisdiction depends on Illinois law. *See Travelers Cas. & Ins. Co. v. Interclaim (Bermuda) Ltd.*, 304 F.Supp.2d 1018, 1024 (N.D. Ill. 2004).

Personal jurisdiction is either general or specific. *Tamburo*, 601 F.3d at 701. Both analyses are constitutional, and implicate a defendant's Due Process rights. *Id*. The key question is "whether the defendants have sufficient 'minimum contacts' with Illinois such that maintenance of the suit does not offend traditional notions of fair play and

substantial justice." *Id.*, at 700-01. Stated differently, each defendant must have purposely established minimum contacts with Illinois such that he or she should reasonably anticipate being haled into court here. *Id.*, at 701.

For general jurisdiction over an individual, "the paradigm forum … is the individual's domicile." *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 924 (2011). Under the Illinois long-arm statute, general jurisdiction is established against an individual only when she (a) was served while in Illinois; (b) was an Illinois resident when the cause of action arose, when the action was commenced, or when process was served; or (c) is doing business in Illinois. 735 ILCS 5/2-209(b)(1)(2)(4).

> "To be considered doing business for the purposes of general jurisdiction, the nonresident defendant must carry out business within a state on a basis that is not occasional or casual, but rather with permanence and continuity. The doing business standard is rather high, because general jurisdiction establishes that the corporation has effectively taken up residence in Illinois and, therefore, may be sued on causes of action both related and unrelated to its activities in Illinois."

*Jackson v. N'Genuity Enterpr.*, 2010 WL 3025015, at * 3 (N.D. Ill. Aug. 2, 2010) (Lefkow, J.).[2]

"To support an exercise of specific personal jurisdiction, the defendant's contacts with the forum state must directly relate to the challenged conduct or transaction." *Tamburo*, 601 F.3d at 702. Specific personal jurisdiction is inappropriate unless "(1) the defendant purposefully directed his activities at the forum state or purposefully availed

---

[2] Though this excerpt referred to corporations, it was interpreting section 2-209(b)(4), and indicates that an individual is not "doing business" in Illinois under that section unless she so permanently and continuously did business here that she has essentially taken up residence here.

himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *Id*.

For intentional tort claims, "the inquiry focuses on whether the conduct underlying the claims was purposely directed at the forum state." *Id*. "The point of the purposeful-direction requirement is to ensure that an out-of-state defendant is not bound to appear to account for merely random, fortuitous or attenuated contacts with the forum state." *Id*. Courts also look to "the relationship among the defendant, the forum, and the litigation." *Jackson v. Cal. Newspapers Partnership*, 406 F.Supp.2d 893, 896 (N.D. Ill. 2005). An indirect economic impact in Illinois resulting from an alleged intentional tort is insufficient to confer personal jurisdiction. *Allman v. McGann*, No. 02 C 7442, 2003 WL 1811531, at * 5-6 (N.D. Ill. Apr. 4, 2003) (Norgle, J.). And even if an injury was felt in Illinois, defendant must have intended to affect an Illinois interest. *See Edelson v. Ch'ien*, 352 F.Supp.2d 861, 866-67 (N.D. Ill. 2005) (dismissing New Jersey plaintiff's tortious interference claim against Hong Kong resident where defendant's conduct occurred in Hong Kong, and defendant did not intend to affect plaintiff's Illinois interests, if any).

In short, an individual defendant must have intentionally targeted her conduct toward Illinois in order to be subject to specific personal jurisdiction here.

## II. This Court Has No Personal Jurisdiction Over Ms. Ferrari.

Plaintiff alleged no basis for this Court's personal jurisdiction over Ms. Ferrari. Plaintiff himself is a Florida resident, and Ms. Ferrari is a Tennessee resident when not in

school. Both she and plaintiff lived on St. Kitts during the relevant period, and every relevant event took place on St. Kitts. Plaintiff did not allege that Ms. Ferrari's "false" reports to the St. Kitts police or to RUSVM were directed to Illinois, or that he suffered any resulting injury in Illinois. Ms. Ferrari has never been an Illinois resident, traveled to Illinois, owned property in Illinois, banked in Illinois, done any business in Illinois, and was not served in Illinois. She has no other contacts with Illinois, whether related to this case or otherwise.

Illinois state and federal courts routinely dismiss cases like this for lack of personal jurisdiction, even where the plaintiffs live in Illinois, unlike Mr. Zara in this case. In *Hanson v. Ahmed*, 382 Ill.App.3d 941, 945 (1st Dist. 2008), the appellate court reversed the trial court's denial of defendants' personal jurisdiction motion, and held that the Illinois plaintiff failed to establish personal jurisdiction over the Missouri defendants who falsely reported to plaintiff's Illinois insurance company that they were not involved in the car accident with plaintiff. Defendants' participation in two alleged phone calls with the Illinois insurance company were "extremely attenuated contacts with Illinois" that did not confer personal jurisdiction over them. *Id.*

In *Jackson v. Cal. Newspapers*, the court dismissed Illinois plaintiff Bo Jackson's defamation and IIED claims based on defendants' allegedly false statements and internet articles regarding his alleged steroid use, because defendants lived and worked in California and the statements were made in California. 406 F.Supp.2d at 896.

Similarly, in *Pendleton v. Germino*, No. 95 C 2350, 1995 WL 493449 (N.D. Ill. Aug. 15, 1995) (Nordberg, J.), the court dismissed plaintiff's IIED, fraud, conspiracy, and tortious interference claims against a California decedent and his executor because the Illinois plaintiff did not sufficiently allege any statements or conduct made or directed to anyone in Illinois. At * 5-6.

In *Monke v. Gen. Med., P.C.*, No. 07-cv-198-DRH, 2008 WL 904734 (S.D. Ill. Mar. 31, 2008), the court dismissed the Illinois plaintiff's IIED claims against a Michigan lawyer and her Michigan law firm because the lone allegation of the lawyer's conference call with plaintiff in Illinois was insufficient to establish personal jurisdiction for her alleged injuries, even though she suffered them exclusively in Illinois. At * 2, 4.

In *Gordon v. Gordon*, 379 Ill.App.3d 732 (3rd Dist. 2008), the court upheld the dismissal of the Illinois plaintiff's IIED claim against his Florida ex-wife, which was based on her Florida-based conduct in alleged violation of their Florida divorce agreement. The court held that defendant's conduct was insufficient to confer personal jurisdiction, even though she allegedly caused plaintiff emotional distress in Illinois, and even though she sent an email to Illinois and called the Illinois DCFS. *Id.*, at 736.

Clearly, if the Illinois plaintiffs in these cases could not establish jurisdiction over the non-resident defendants, even where the plaintiffs may have felt injury in Illinois and the defendants directed minimal conduct to Illinois, then Mr. Zara, a Floridian, cannot establish personal jurisdiction over Ms. Ferrari, a Tennessean, where (a) everything took

place on St. Kitts, (b) no conduct or injury was directed to or felt in Illinois, and (c) Ms.

Ferrari has no other connection with Illinois.

### CONCLUSION

For the foregoing reasons, the Court should grant Ms. Ferrari's Rule 12(b)(2)

motion, and should dismiss the claims against her for lack of personal jurisdiction.


DATE: June 8, 2016                              Respectfully submitted,

Scott A. Schaefers                              ALEXA FERRARI, Defendant.
BROTSCHUL POTTS LLC
30 N. LaSalle St., Ste. 1402                    By: /s/ Scott A. Schaefers
Chicago, IL 60602                                  Scott A. Schaefers, one of her attorneys
Phone: (312) 268-6795
Email: sschaefers@brotschulpotts.com

<u>**CERTIFICATE OF SERVICE**</u>

Scott A. Schaefers, an attorney for defendant Alexa Ferrari, certifies that on **June 8, 2016**, he served a copy of her **Memorandum of Law in Support of her Fed. R. Civ. P. Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction** on the parties' counsel of record via the Court's CM/ECF system.


*/s/ Scott A. Schaefers*
Scott A. Schaefers