IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY ZARA, | |
| Plaintiff, | Civil Action No. 1:16-cv-5156 |
| v. | |
| DEVRY EDUCATION GROUP, INC.; DEVRY MEDICAL INTERNATIONAL, INC.; ROSS UNIVERSITY SCHOOL OF MEDICINE, SCHOOL OF VETERINARY MEDICINE (ST. KITTS) LIMITED; and ALEXA FERRARI; | Honorable Judge Andrea R. Wood<br>Magistrate Judge Sidney Schenkier |
| Defendants. | |

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S CLAIMS AGAINST ALEXA FERRARI**

Plaintiff Anthony Zara ("Zara"), by and through his undersigned attorney of record, hereby submits this opposition ("Opposition") to the Motion to Dismiss Plaintiff's Claims Against Defendant Alexa Ferrari ("Defendant") and related pleadings [Docket Nos. 17, 18 and 25] (the "Motion"). In support of this Opposition, Zara hereby incorporates by reference the points and authorities in his Opposition, filed contemporaneously herewith, to the Motion to Dismiss Plaintiff's Claims Against Defendants DeVry Education Group, Inc. ("DVG"), DeVry Medical International, Inc. ("DMI, together with DVG, "DeVry"), and Ross University School of Medicine, School of Veterinary Medicine (St. Kitts) Limited ("RUSVM," and collectively, with DeVry, "Co-Defendants") and related pleadings [Docket Nos. 20 and 21] (the "Co-Defendants' Motion"), in which Defendant has joined, and Zara further respectfully represents as follows:

## I. INTRODUCTION

This case involves legal claims against Defendant arising from falsehoods, abusive behavior, and deliberate attacks perpetuated against Zara while attending the St. Kitts campus of

the Illinois-based RUSVM. While incidental events that gave rise to the claims were witnessed by members of the St. Kitts police force and several other U.S. citizens living and working or attending school in St. Kitts, the contract governing the relationship between RUSVM and Zara with which Defendant tortuously interfered was generated wholly within the jurisdiction of the United States and, in particular, this Court.

Defendant harassed, mistreated and made false accusations against Zara throughout the 2014-2015 and 2015-2016 school years. Defendant stalked Zara, attacked him, and destroyed his property after he severed emotional and financial ties with her following the former couple's break up. He discussed these abuses with Defendant RUSVM's employees, who report directly to Defendant DVG corporate and are charged to uphold DVG contractual obligations and United States law. Shockingly, however, RUSVM and DVG ignored Zara's allegations and instead pursed institutional charges against Zara after Defendant's escalating falsehoods resulted in physical attacks against him. Ultimately, the decisions by the Co-Defendants resulted in Zara's expulsion from RUSVM on DVG corporate's advice and direction.

Zara seeks relief against Defendant for interfering with his contract with RUSVM and for intentional infliction of emotional distress. Contrary to Defendant's assertions in her Motion, this claim is properly brought in this jurisdiction and under United States law. To defeat a motion challenging personal jurisdiction, the party asserting personal jurisdiction need only make out a *prima facie* case of personal jurisdiction. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). Here, Zara more than meets its burden by demonstrating that Defendant interfered directly with an Illinois contract. Consequently, Defendant's motion should be denied.

## II. STATEMENT OF FACTS

False allegations of sexual and general misconduct made by Defendant against Zara are what brought about the above-captioned case. The factual background giving rise to Zara's claims against Defendant and her Co-Defendants are set forth in the Third Amended Complaint and are

incorporated as if fully set forth herein by this reference. A copy of Zara's proposed Third Amended Complaint is attached hereto as **_Exhibit 1_** for the Court's convenience.[1]

### III. LEGAL ANALYSIS

#### A. Legal Standard for Personal Jurisdiction.

A complaint need not allege personal jurisdiction, but the plaintiff bears the burden of establishing that jurisdiction is proper once a defendant moves to dismiss on that ground. *Purdue Res. Found v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). If personal jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(2), the court must decide whether any material facts are in dispute. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). If so, it must hold an evidentiary hearing to resolve them, at which point the party asserting personal jurisdiction must prove what it alleged. Until such a hearing takes place, the party asserting personal jurisdiction need only make out a *prima facie* case of personal jurisdiction. *Id.*

When a federal district court sits in diversity, it "has personal jurisdiction over a nonresident defendant only if a court of the state in which it sits would have jurisdiction." *Purdue*, 338 F.3d at 779. The United States Supreme Court has recognized both general and specific personal jurisdiction. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014). General jurisdiction is "all-purpose;" it exists only "when the [party's] affiliations with the State in which suit is brought are so constant and pervasive as to render it essentially at home in the forum State." *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 920, (2011)) (internal quotation marks and alteration omitted). The two metrics of general jurisdiction are (1) the corporation's principal place of business, and (2) the state of its incorporation. *Daimler*, at 760. Specific jurisdiction is case-specific and "depends on an affiliatio[n] between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear*, at 919 (internal quotation marks omitted).

---

[1] Contemporaneously with this Opposition, Zara filed a motion for leave to further amend his complaint, and a copy of his proposed Third Amended Complaint is also attached to that motion [Docket No. 28].

B. **This Court Has Personal Jurisdiction Over Defendant Alexa Ferrari.**

In this instance, specific jurisdiction applies. "[A]n Illinois court has personal jurisdiction over a nonresident when Illinois's long–arm statute authorizes jurisdiction and when asserting personal jurisdiction comports with the Fourteenth Amendment's Due Process Clause." *Linkepic Inc v. Vyasil, LLC*, No. 12-CV-09058, 2015 WL 7251936, at *3 (N.D. Ill. Nov. 17, 2015) (*quoting Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002)). In *Linkepic*, the court explained "the contacts supporting specific jurisdiction can take many different forms." *Id.*, at *4 (*quoting uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 426 (7th Cir. 2010)). These "forms include entering a business contract in the forum state (despite never physically entering the state)," *Id.* (*citing Burger King v. Rudewicz*, 471, 476, 478–82, 105 S.Ct. 2174 (1985)), "or committing an intentional tort outside the forum state but aimed at the forum state." *Id.* (*citing Calder v. Jones*, 465 U.S. 783, 789–90, 104 S.Ct. 1482 (1984)).

Purposefulness is the key to this analysis: "[t]he due process clause will not permit jurisdiction to be based on contacts with the forum that are random, fortuitous, or attenuated." *Linkepic*, at *4 (*quoting uBID*, at 426; and *citing Burger King*, at 475). As such, the focus is "whether the defendant has deliberately engaged in significant activities within the forum state" or "created continuing obligations between itself and a resident of the forum." *Purdue*, 338 F.3d at 780–81 (citations omitted). The required connection to the forum "must arise from the *defendant's conduct*, not just the relationship, standing alone, between the defendant and the plaintiff." *Linkepic*, at *4 (*citing Walden v. Fiore*, -- U.S. --, 134 S.Ct. 1115, 1123 (2014)) (emphasis in original).

C. **The Court Has Jurisdiction in This Case Because RUSVM is a United States School Operated and Controlled By DVG.**

The whole of Defendant's personal jurisdiction argument turns on the principle that RUSVM is an individually owned and operated institution based in St. Kitts, separate and apart from DVG. However, Defendant's argument that she has no contacts with Illinois is accurate. Moreover, for purposes of considering a motion to dismiss, a court accepts as true all of the well-

4

pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005). Thus, Zara's Second Amended Complaint, and most certainly the Third Amended Complaint, satisfies the requirements to withstand challenge, as it provides enough detail and alleges articulable injury arising from the events that had very specific links to the state of Illinois. *See generally Exhibit 1*. Moreover, the nexus of Defendants' operation and control is situated in Downers Grove, Illinois, of which all parties to this lawsuit were well-aware.

Defendant may have never been to Illinois but that is not to say she does not have sufficient contacts with Illinois to authorize this Court's jurisdiction over her under the Illinois long-arm statute. *Linkepic*, at *3. Defendant, like Zara, deliberately engaged in significant activities with and entered into a contract thereby creating continuing obligations with RUSVM, a United States-based school operated and controlled by DVG, which is headquartered in Illinois; thus, this Court has jurisdiction over Defendant. *Id*., at *4 (*citing Burger King*, at 476, 478–82); *Purdue*, 338 F.3d at 780–81 (citations omitted). Defendant's conduct in tortiously interfering with Zara's contract with RUSVM may have occurred outside of Illinois, but it was aimed at such contract with an Illinois-based school; thus, this Court has jurisdiction over Defendant. *Id*. (*citing Calder v. Jones*, at 789–90). Accordingly, Defendant's argument under Rule 12(b)(2) fails, and the Court should deny the Motion.

B. **Defendant's Conduct Destroyed Zara's Contractual Relationship with DVG and RUSVM by Asserting False Allegations of Title IX Violations.**

Here, the Court must recognize personal jurisdiction over Defendant is proper because she deliberately engaged in significant activities within the forum state by attempting to improperly sever, and succeeding in improperly severing, Zara's contractual relationship with RUSVM and DVG. By doing so, Defendant committed an intentional tort outside the forum state but aimed at the forum state. *Linkepic*, at *4 (*citing Calder v. Jones*, at 789–90). With respect to claims of tortious interference, the tort is not limited to interfering with a contract. As usually formulated, in Illinois (whose law governs the substantive issues in this diversity suit) as elsewhere, the tort

5

consists either of interfering with an existing contract or interfering with a prospective advantage, that is, with the plaintiff's reasonable expectation of entering into a relation formally or informally contractual. *See Fellhauer v. City of Geneva*, 142 Ill.2d 495, 154 Ill.Dec. 649, 656-57, 568 N.E.2d 870, 877-78 (1991); *Dowd & Dowd, Ltd. v. Gleason*, 284 Ill.App.3d 915, 220 Ill.Dec. 37, 48, 672 N.E.2d 854, 865 (1996), *appeal allowed*, 171 Ill.2d 564, 222 Ill.Dec. 430, 677 N.E.2d 964 (1997). These cases protect the expectation of the continuation of an advantageous relation even if, as in *Fellhauer*, the victim of the interference has no contractual entitlement to the continuation.

Defendant, like Zara, enrolled at RUSVM with full knowledge that the campus was run by DVG whose home office and corporate headquarters is in Downers Grove, Illinois. DVG has made no secret that it is thoroughly enmeshed in all RUSVM activities and decisions, particularly disciplinary decisions. The Illinois connection is especially related to several of the allegations Defendant made – and RUSVM blindly accepted as true – against Zara.

As an RUSVM student, Defendant has access to and is responsible for following the terms of the RUSVM Student Handbook ("Handbook"), RUSVM's Sexual and Gender Misconduct Policy ("Misconduct Policy"), and RUSVM's Student Consumer Information web page ("Consumer Information"), all of which clearly point to the school's Illinois headquarters for all Title IX complaints. See **Exhibit 2**, Handbook, page 32; **Exhibit 3**, Misconduct Policy, found at http://veterinary.rossu.edu/content/dam/dmi/veterinary/documents/RUSVM_Sex_and_Gender_Based_Misconduct_Response_and_Prevention.pdf; and **Exhibit 4,** Consumer Information found at http://veterinary.rossu.edu/student-consumer-information.html. In all of these documents, RUSVM's policy refers viewers to the Title IX Coordinator Ms. Mikhel Kushner, Associate Title IX Coordinator (mkushner@devrygroup.com or 630-515-5440) and Mr. Mark Ewald, Senior Director for Ethics and Compliance Services (mewald@devrygroup.com or 630-353-1437), who are responsible for overseeing compliance with all aspects of this policy and designated to receive and monitor resolution for all Title IX reports at the St. Kitts campus.

In fact, one of the bases for which Zara was improperly dismissed was Defendant's false Title IX complaint itself. RUSVM ultimately found Zara guilty of violating its Title IX-based

Code of Conduct Rule 1.6.3.11.  *Exhibit 5*, RUSVM Dismissal Letter dated April 18, 2016.  By falsely asserting allegations of Title IX violations, Defendant deliberately interfered with Zara's RUSVM contract resulting in Zara's expulsion.  In doing so, Defendant purposefully interfered with Zara's RUSVM contract by falsely reporting Title IX allegations against him, knowing that RUSVM's Illinois agents were directly in control over such allegations.  Defendant knew that her conduct would have more than a tangential effect on Zara's contract with RUSVM.  She deliberately used RUSVM's Illinois agents to make it happen.  Under the *Linkepic* standard, this Court has personal jurisdiction over Defendant, and her Motion should be denied.

C. **Illinois is the Most Convenient Forum Because the Facts Alleged Against Defendant Ferrari Are the Same as the Facts Against Her Co-Defendants.**

While the Motion does not allege a forum non conveniens argument, an element of that analysis is prudent here.  Under the rules governing *forum non conveniens* in the Seventh Circuit, both public and private factors should be considered in choosing an appropriate litigation forum.  *See Clerides v. Boeing Co.*, 534 F.3d 623, 628 (7th Cir. 2008).  On the private side, these factors include "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case expeditious and inexpensive."  *See Clerides*, 534 F.3d at 628.

This Court is both the proper jurisdiction and proper forum for claims against RUSVM and should be litigated here.  Several parties tied to the dispute and several sources of proof are in Illinois, RUSVM's ultimate headquarters.  As the claims against Defendant are inexorably tied to the claims against her Co-Defendants, it serves all parties' interest of expeditiousness, the interests of judicial economy and the conservation of resources to maintain control of the claims here.  If the Court is not inclined to agree, Zara will have few qualms about refiling claims against Defendant in another court in the United States, despite the increased burden of expense that both Zara, Defendant and the Co-Defendants will incur as twin proceedings progress through litigation.

7

D.     **In the Event the Court Is Inclined to Grant Any Portion of Defendants' Motion, Zara Requests Leave to Amend His Complaint.**

While Federal Rule of Civil Procedure 15 places leave to amend within the sound discretion of the trial court, a court must remain guided by "the underlying purpose of Rule 15 . . . to facilitate decision on the merits, rather than on the pleadings or technicalities." *See Conley v. Gibson*, 355 U.S. 41, 48 (1957). Where there is there is an absence of bad faith, undue delay, dilatory motives or prejudice to the non-moving party and the proposed amendment is not futile, leave should generally be granted. *Stanard v. Nygren*, 658 F.3d 792, 80 Fed.R.Serv.3d 1082 (7th Cir. 2011). Leave to amend should be liberally granted, and the Seventh Circuit Court of Appeals has found that the trial court abused its discretion particularly when it could not be said to a certainty that the plaintiff cannot state a claim upon which relief can be granted. *See Rohler v. TRW, Inc.*, 576 F.2d 1260 (7th Cir. 1978). The factual history of events giving rise to the instant case are extensive. In the event this Court were to find any of his causes of action deficient, Zara respectfully requests leave to amend his complaint.

WHEREFORE, Zara respectfully requests that the Court enter an order sustaining this Opposition, denying the Motion in its entirety and granting such other relief as may be deemed just and proper.

DATED this 23rd day of June, 2016.

                            Respectfully submitted,

                            **THE BACH LAW FIRM, LLC**

                            By     */s/ Jason J. Bach*
                                Jason J. Bach
                                7881 West Charleston Blvd., Suite 165
                                Las Vegas, Nevada 89117
                                Telephone: (702) 925-8787
                                Facsimile: (702) 925-8788
                                Email: jbach@bachlawfirm.com
                                *Attorneys for Plaintiff Anthony Zara*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 23, 2016, I caused the foregoing to be electronically filed with the Clerk of the Court via the Court's CM/ECF system, which will send electronic notification of such filing to:

    Brian M. Stolzenbach, Esq.
    Katherine F. Mendez, Esq.
    SEYFARTH SHAW LLP
    131 South Dearborn Street
    Suite 2400
    Chicago, Illinois 60603
    (312) 460-5000
    bstolzenbach@seyfarth.com
    kmendez@seyfarth.com
    *Attorneys for Defendants DeVry Education Group Inc.,*
    *DeVry Medical International, Inc., and Ross University*
    *School of Medicine, School of Veterinary Medicine (St. Kitts) Limited*

    Scott A. Schaefers, Esq.
    BROTSCHUL POTTS LLC
    30 N. LaSalle Street, Suite 1402
    Chicago, Illinois 60602
    (312) 268-6795
    sschaefers@brotschulpotts.com
    *Attorney for Defendant Alexa Ferrari*

                                                     */s/ Jason J. Bach*
                                                     Jason J. Bach