# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY ZARA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 16-cv-05156 |
| | ) | |
| v. | ) | Judge Andrea R. Wood |
| | ) | |
| DEVRY EDUCATION GROUP, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Anthony Zara alleges that while he was a student at the Ross University School of Veterinary Medicine ("Ross") on the Caribbean island of St. Kitts, his ex-girlfriend, Defendant Alexa Ferrari, falsely accused him of abuse. Zara claims that he was arrested, jailed, and expelled from school as a result. He further claims that because of its bias against males the school failed to give him a fair hearing as required by its own disciplinary procedures. Zara has brought this lawsuit to assert claims for discrimination, breach of contract, and negligence against Ross; claims for intentional infliction of emotional distress against Ross, its corporate parents, and Ferrari; and a claim for tortious interference with contract against Ferrari. Now before the Court are motions to dismiss filed by Ferrari (Dkt. No. 17) and by Ross and its corporate affiliates (Dkt. No. 20). For the reasons detailed below, the motions are granted.

## BACKGROUND

As alleged in his complaint, Zara became involved in a romantic relationship with Ferrari while both were students at Ross on the island of St. Kitts. (Third Am. Compl. ¶¶ 5–6, Dkt. No. 47.) The two lived together during part of that relationship. (*Id.* ¶¶ 10, 13–20.) After their relationship ended, according to Zara, Ferrari falsely reported to both St. Kitts police and Ross

that he had engaged in disruptive, abusive, and threatening behavior towards her. (*Id.* ¶¶ 29, 43, 68.) Zara claims that as a result of Ferrari's false reports, he was attacked, arrested, and jailed by St. Kitts police. (*Id.* ¶¶ 31, 32, 34.) Ross thereafter suspended and then expelled Zara without first following the fair notice and hearing procedures mandated by its own policies. (*Id.* ¶¶ 43, 61–64, 68.) Zara alleges that Ross failed to give him a fair hearing because of its bias against males in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681. He also asserts claims against Ross for common law breach of contract and negligence. Against Ferrari, Zara seeks relief for alleged tortious interference with his contractual relationship with Ross. And against all of the defendants, including Ross's direct and indirect corporate parents, DeVry Medical International, Inc. and DeVry Education Group, Inc., he has brought claims for intentional infliction of emotional distress.

Now before the Court are two motions to dismiss Zara's claims. Ferrari seeks to dismiss Zara's claims against her pursuant to Federal Rule of Civil Procedure 12(b)(2), arguing that this Court does not have personal jurisdiction over her. Meanwhile, Ross and the DeVry companies (together, "the Ross Defendants") invoke Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), asserting multiple grounds for dismissal: that this Court lacks personal jurisdiction over Ross, that Title IX is inapplicable to Ross's operations in St. Kitts, that Zara's complaint raises no factual allegations against the DeVry Defendants, and that this District is an inconvenient forum for his claims.

## DISCUSSION

In *Sinochem International Co. Ltd. v. Malaysia International Shipping Corp.*, the Supreme Court provided guidance as to the appropriate order for addressing alternative arguments for dismissal based on lack of jurisdiction and improper forum:

> If . . . a court can readily determine that it lacks jurisdiction over the cause or the defendant, the proper course would be to dismiss on that ground. In the mine run of cases, jurisdiction "will involve no arduous inquiry" and both judicial economy and the consideration ordinarily accorded the plaintiff's choice of forum "should impel the federal court to dispose of [those] issue[s] first." But where subject-matter or personal jurisdiction is difficult to determine, and *forum non conveniens* considerations weigh heavily in favor of dismissal, the court properly takes the less burdensome course.

549 U.S. 422, 436 (2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587–88 (1999)). The lack of personal jurisdiction over Ferrari is readily determined. Thus, this Court's analysis begins there.

## I. Personal Jurisdiction over Ferrari

The plaintiff has the burden of establishing personal jurisdiction and, where the issue is raised by a motion to dismiss and decided on the basis of written materials rather than after an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts. *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010) (citing *Purdue Research Found. v. Sanofi–Synthelabo, S.A.,* 338 F.3d 773, 782 (7th Cir. 2003)).

In the absence of a federal statute or rule establishing a basis for jurisdiction, personal jurisdiction over a defendant is governed by the law of the forum state. *Id*. at 700. Zara asserts no federal basis for jurisdiction over Ferrari, and so this Court must determine whether an Illinois court could exercise such jurisdiction. *Citadel Grp. Ltd. v. Washington Reg'l Med. Ctr.*, 536 F.3d 757, 760 (7th Cir. 2008). Illinois's long-arm jurisdiction statute construes a long list of actions as demonstrating submission to the jurisdiction of its courts, including the transaction of business within the state, the commission of a tort within the state, the making of a contract substantially within the state, or being present within the state when served. *See* 735 ILCS 5/2-209. Zara does not allege that Ferrari committed any of these acts.

The long-arm statute also includes a catch-all provision that permits the exercise of jurisdiction "on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 ILCS 5/2–209(c). The Seventh Circuit has found no operative difference between the Illinois and federal constitutions for purposes of jurisdictional analysis and accordingly has held that catch-all jurisdiction may be exercised over a defendant in this District only if that exercise is consistent with the U.S. Constitution's Due Process Clause. *Illinois v. Hemi Grp. LLC*, 622 F.3d 754, 756–57 (7th Cir. 2010); *Citadel Group,* 536 F.3d at 761. The Due Process Clause permits the exercise of jurisdiction over a defendant only if she has had sufficient minimum contacts with the forum state such that she "should reasonably anticipate being haled into court there." *Tamburo,* 601 F.3d at 701 (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474 (1985)). A defendant's contacts may subject her to the forum's jurisdiction generally or in specific relation to the activities at issue. *Id.* at 701–02.

Ferrari has had no contact with Illinois sufficient to subject her to the jurisdiction of a court in this state—in either the general or the specific sense. According to her unrebutted declaration, Ferrari lives on St. Kitts while attending school at Ross, lives in Tennessee otherwise, and has never lived in or traveled to Illinois, transacted business here, or owned real or personal property here. (Ferrari Decl. ¶¶ 3–9, Dkt. No. 19.) Her only communication with anyone in Illinois regarding any of the events at issue in this action was with attorneys representing her codefendants after she was served with summons. (*Id.* ¶ 10.)

Zara's sole assertion in support of the exercise of jurisdiction over Ferrari is that her actions tortiously interfered with his contract with Ross, which he characterizes as an "Illinois-based school" by virtue of its control by an Illinois-based parent, Defendant DeVry Education Group, Inc. (Pl.'s Resp. at 5, Dkt. No. 35.) This assertion, even if accurate, is insufficient to

establish personal jurisdiction over Ferrari. The Supreme Court has made clear that the necessary minimum contacts with a proposed forum are not established by a defendant's mere direction of her conduct at plaintiffs she knew to have connections with that forum. *See Walden v. Fiore*, 134 S. Ct. 1115, 1125 (2014) (finding that "Petitioner's actions in Georgia did not create sufficient contacts with Nevada simply because he allegedly directed his conduct at plaintiffs whom he knew had Nevada connections").

The *Walden* Court rejected the principle that the location of the plaintiff's injury was sufficient by itself to establish the defendant's minimum contacts with the forum, explaining that "[t]he proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id.* Zara's claimed basis for this Court to exercise jurisdiction over Ferrari is even more attenuated than that rejected in *Walden.* He does not claim that his contract with the Ross Defendants was to be performed in Illinois or that he suffered injury here. Instead, he claims only that his damaged contractual relationship was with an Illinois party. He has offered no suggestion that Ferrari in any way established any contact with Illinois. In short, Zara has failed to make a prima facie showing that this Court's exercise of jurisdiction over Ferrari would satisfy the minimum contacts requirement of the Due Process Clause. Ferrari's motion to dismiss for lack of jurisdiction is accordingly granted.

## II. *Forum Non Conveniens*

Although Ross asserts a similar jurisdictional argument as Ferrari, its relationship with DeVry Education Group, Inc., a company conceded to have its headquarters in Illinois (*see* Ross Defs.' Supp. Mem. at 3, Dkt. No. 21), is unclear at this stage, as are the three Ross Defendants' contacts with this state for purposes of the school's operation. The Supreme Court's guidance in

*Sinochem* indicates that where a basis for *forum non conveniens* dismissal is more readily apparent than the proper resolution of jurisdictional issues, the forum issue may be addressed first. 549 U.S. at 436. The common law doctrine of *forum non conveniens* allows a trial court to dismiss a suit over which it would normally have jurisdiction if it best serves the convenience of the parties and the ends of justice. *Clerides v. Boeing Co.*, 534 F.3d 623, 627–28 (7th Cir. 2008). Here, the Ross Defendants seek dismissal on the grounds that St. Kitts is a more convenient forum.

A threshold requirement for *forum non conveniens* dismissal is the existence of an alternative forum that is both available and adequate. *Stroitelstvo Bulgaria Ltd. v. Bulgarian-Am. Enter. Fund*, 589 F.3d 417, 421 (7th Cir. 2009). An alternative forum is available if all of the parties are amenable to process and within the forum's jurisdiction. *Id.* An alternative forum is adequate if it provides the plaintiff with a fair hearing to obtain some remedy for the alleged wrong. *Id.* It is not necessary that the forum's legal remedies be as comprehensive or as favorable as the claims a plaintiff might bring in an American court. *Id.* Instead, the test is whether the forum provides some potential avenue for redress for the subject matter of the dispute. *Id.*

The Ross Defendants contend that St. Kitts provides an available forum. They note that both Zara and Ferrari resided there as of the commencement of this action and that Ross is subject to process there. And although they do not explicitly make the same representations regarding the DeVry entities, they implicitly do so in arguing that "the very same *forum non conveniens* arguments set forth above with respect to the common law claims against [Ross] would apply equally to the common law claim brought against [DeVry Education Group and DeVry Medical International]." (Ross Defs.' Supp. Mem. at 5, Dkt. No. 21.) In support of their

argument that St. Kitts is an adequate forum, the Ross Defendants cite *Panchal v. Medical University of the Americas Limited,* Claim No. NEVHCV2003/0096 (*see* Dkt. No. 21-3), an action in the Eastern Caribbean Supreme Court, High Court of Justice, Federal of St. Kitts and Nevis, in which the plaintiff, a medical student there, prevailed in her claims that the defendant school breached its contract with her by expelling her for academic dishonesty without following its own disciplinary procedures. Zara does not dispute the Ross Defendants' assertion that St. Kitts offers a forum that is both available and adequate. The Court thus concludes that St. Kitts is an appropriate alternative forum.

The *forum non conveniens* analysis must also weigh both private and public interest factors. *Clerides*, 534 F.3d at 628. Private interest factors that may be considered include the relative ease of access to sources of proof, the availability of compulsory process for attendance of unwilling witnesses and the cost of obtaining attendance of those who are willing, and other practical considerations that impact the difficulty, speed, and cost of trial. *Id.* Public interest factors include "the administrative difficulties stemming from court congestion; the local interest in having localized disputes decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflicts of laws or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Id.*[1]

The Ross Defendants assert that both private and public interest factors weigh strongly in favor of litigating Zara's claims in St. Kitts because the events at issue occurred there. Indeed, none of the factual allegations of Zara's complaint refer to any acts occurring anywhere other

---

[1] Zara argues that a plaintiff's choice of forum is entitled to deference. But while that deference is substantial when the plaintiff has sued in his home forum, it is reduced when the action is brought elsewhere. *In re Factor VIII or IX Concentrate Blood Products Litig.*, 484 F.3d 951, 955–56 (7th Cir. 2007). Zara is a Florida resident. (Third Am. Compl. ¶ 5, Dkt. No. 47.) Thus, his choice of forum is entitled to less deference than if he resided in this District.

than St. Kitts. His factual allegations implicate Illinois only in that he asserts that Ross and its parent, DeVry Medical International Inc., are "wholly owned, controlled, and run by DeVry Education Group through its Downers Grove, Illinois headquarters." (*Id.* ¶¶ 5, 6.)

On the other hand, the record readily demonstrates the connection between St. Kitts and the events in this case. Zara's complaint specifically identifies a "Mr. Fazio" as a Ross official who investigated the allegations against him and conducted his disciplinary hearing unfairly. (*Id.* ¶¶ 39, 42, 66, 67.) The complaint also identifies Dave and Laura Wright, property managers at the apartment complex where Zara and Ferrari lived together, as witnesses whose testimony the disciplinary committee improperly ignored. (*Id.* ¶¶ 22, 64.) The Ross Defendants support their motion with the declaration of Jeffrey Fazio, Ross's Student Engagement and Professional Standards Specialist. (Dkt. No. 21-2.) The declaration names four Ross faculty members and states that those members joined Fazio to form a "Conduct Panel" that presided over Zara's disciplinary hearing and made the decision to expel him. (Fazio Decl. ¶ 7, Dkt. No. 21-2.) Fazio's declaration asserts that Dave and Laura Wright and three Ross security officers testified at the hearing. Fazio states that he, the other members of the Conduct Panel, the security officers, and the Wrights all live on St. Kitts. (*Id.* ¶¶ 7–10.)

In response, Zara contends that "DeVry Education Group Inc.'s office in the United States was either significantly involved in making the decision to dismiss Zara or actually made the decision." (Bach Aff. ¶ 2, Dkt. No. 34-15.) He also contends that two DeVry Education Group employees in Illinois "have maintained active involvement in emails related to Zara's expulsion." (Pl.'s Resp. Mem. at 10, Dkt. No. 34.) Zara does not claim that any non-party witnesses are located outside St. Kitts.

Because the current record shows that the vast majority of witnesses to Ferrari's complaints, Zara's behaviors, and Ross's investigative and disciplinary actions are on St. Kitts, the Court concludes that private interest factors related to the ease of access of proof—including the availability of witnesses—strongly favor litigation in a St. Kitts court.

Zara's arguments regarding the relevant public interest factors focus on the national interest of the United States in holding the Ross Defendants to their alleged promises that students would be protected by United States laws, including Title IX. But Zara does not contend that a St. Kitts court would be unable to enforce any such promise. He also does not address the interest of St. Kitts in deciding a dispute based on events occurring there or this jurisdiction's lack of interest in resolving a dispute over actions in a remote location. The balance of these interests indicates that this Court is not the correct forum for Zara's claims.

In sum, this Court concludes that both private and public interest factors dictate dismissal of Zara's claims in favor of litigation in the courts of St. Kitts. This conclusion would also apply to his claims against Ferrari, even if this Court could properly exercise personal jurisdiction over her. The Ross Defendants' motion to dismiss is accordingly granted.

## CONCLUSION

For the reasons detailed above, the motions by Ferrari and the Ross Defendants (Dkt. Nos. 17 & 20) are granted. This action is dismissed, but without prejudice to Zara asserting his claims in a proper alternative forum.

ENTERED:

Dated:  March 14, 2017

_____
Andrea R. Wood
United States District Judge