Case: 1:16-cv-05156 Document #: 54 Filed: 04/11/17 Page 1 of 20 PageID #:721

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY ZARA,<br>　　　　Plaintiff<br><br>v.<br><br>DEVRY, INC., DEVRY EDUCATIONAL GROUP, INC., DEFRY MEDICAL, INTERNATIONAL, ROSS UNIVERSITY SCHOOL OF MEDICINE and ALEXA FERRARI<br>　　　　Defendants | Case No.: 16 CV 05156<br><br>HON. ANDREA R. WOOD |

## NOTICE OF APPEAL

Notice is hereby given that Anthony Zara, plaintiff in the above-referenced case, hereby appeals to the Seventh Circuit Court of Appeals, from the orders of dismissal without prejudice entered on March 14, 2017, a copy of which is attached hereto, by the Honorable Andrea R. Wood, finding that the Court had no jurisdiction over defendant Ferrari and finding that the Northern District of Illinois was an inconvenient forum to hear this case..

　　　　　　　　　　　　　　　　　　　　　　　　s/ Steven Glink_____

Steven Glink, ARDC # 6180869
Attorney for Plaintiff
3338 Commercial Avenue
Northbrook, Illinois 60062
847/480-7749 (voice)
847/480-9501 (facsimile)

-1-

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.1.1**
**Eastern Division**

Anthony Zara
                Plaintiff,

v.                                         Case No.: 1:16–cv–05156
                                                     Honorable Andrea R. Wood

Alexa Ferrari, et al.
                Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Tuesday, March 14, 2017:

      MINUTE entry before the Honorable Andrea R. Wood: For the reasons stated in the accompanying Memorandum Opinion and Order, Defendant Ferrari's motion to dismiss [17] and Defendants DeVry Education Group Inc., DeVry Medical International, Inc., and Ross University School of Medicine, School of Veterinary Medicine (St. Kitts) Limited's motion to dismiss [20] are both granted. This action is dismissed in its entirety without prejudice to Plaintiff's ability to bring his claims in an appropriate alternate forum. All other pending motions and hearing dates are stricken. Civil case terminated. Mailed notice(ef, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY ZARA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 16-cv-05156 |
| | ) | |
| v. | ) | Judge Andrea R. Wood |
| | ) | |
| DEVRY EDUCATION GROUP, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Anthony Zara alleges that while he was a student at the Ross University School of Veterinary Medicine ("Ross") on the Caribbean island of St. Kitts, his ex-girlfriend, Defendant Alexa Ferrari, falsely accused him of abuse. Zara claims that he was arrested, jailed, and expelled from school as a result. He further claims that because of its bias against males the school failed to give him a fair hearing as required by its own disciplinary procedures. Zara has brought this lawsuit to assert claims for discrimination, breach of contract, and negligence against Ross; claims for intentional infliction of emotional distress against Ross, its corporate parents, and Ferrari; and a claim for tortious interference with contract against Ferrari. Now before the Court are motions to dismiss filed by Ferrari (Dkt. No. 17) and by Ross and its corporate affiliates (Dkt. No. 20). For the reasons detailed below, the motions are granted.

**BACKGROUND**

As alleged in his complaint, Zara became involved in a romantic relationship with Ferrari while both were students at Ross on the island of St. Kitts. (Third Am. Compl. ¶¶ 5–6, Dkt. No. 47.) The two lived together during part of that relationship. (*Id.* ¶¶ 10, 13–20.) After their relationship ended, according to Zara, Ferrari falsely reported to both St. Kitts police and Ross

that he had engaged in disruptive, abusive, and threatening behavior towards her. (*Id.* ¶¶ 29, 43, 68.) Zara claims that as a result of Ferrari's false reports, he was attacked, arrested, and jailed by St. Kitts police. (*Id.* ¶¶ 31, 32, 34.) Ross thereafter suspended and then expelled Zara without first following the fair notice and hearing procedures mandated by its own policies. (*Id.* ¶¶ 43, 61–64, 68.) Zara alleges that Ross failed to give him a fair hearing because of its bias against males in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681. He also asserts claims against Ross for common law breach of contract and negligence. Against Ferrari, Zara seeks relief for alleged tortious interference with his contractual relationship with Ross. And against all of the defendants, including Ross's direct and indirect corporate parents, DeVry Medical International, Inc. and DeVry Education Group, Inc., he has brought claims for intentional infliction of emotional distress.

Now before the Court are two motions to dismiss Zara's claims. Ferrari seeks to dismiss Zara's claims against her pursuant to Federal Rule of Civil Procedure 12(b)(2), arguing that this Court does not have personal jurisdiction over her. Meanwhile, Ross and the DeVry companies (together, "the Ross Defendants") invoke Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), asserting multiple grounds for dismissal: that this Court lacks personal jurisdiction over Ross, that Title IX is inapplicable to Ross's operations in St. Kitts, that Zara's complaint raises no factual allegations against the DeVry Defendants, and that this District is an inconvenient forum for his claims.

## DISCUSSION

In *Sinochem International Co. Ltd. v. Malaysia International Shipping Corp.*, the Supreme Court provided guidance as to the appropriate order for addressing alternative arguments for dismissal based on lack of jurisdiction and improper forum:

2

> If . . . a court can readily determine that it lacks jurisdiction over the cause or the defendant, the proper course would be to dismiss on that ground. In the mine run of cases, jurisdiction "will involve no arduous inquiry" and both judicial economy and the consideration ordinarily accorded the plaintiff's choice of forum "should impel the federal court to dispose of [those] issue[s] first." But where subject-matter or personal jurisdiction is difficult to determine, and *forum non conveniens* considerations weigh heavily in favor of dismissal, the court properly takes the less burdensome course.

549 U.S. 422, 436 (2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587–88 (1999)). The lack of personal jurisdiction over Ferrari is readily determined. Thus, this Court's analysis begins there.

## I. Personal Jurisdiction over Ferrari

The plaintiff has the burden of establishing personal jurisdiction and, where the issue is raised by a motion to dismiss and decided on the basis of written materials rather than after an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts. *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010) (citing *Purdue Research Found. v. Sanofi–Synthelabo, S.A.,* 338 F.3d 773, 782 (7th Cir. 2003)).

In the absence of a federal statute or rule establishing a basis for jurisdiction, personal jurisdiction over a defendant is governed by the law of the forum state. *Id*. at 700. Zara asserts no federal basis for jurisdiction over Ferrari, and so this Court must determine whether an Illinois court could exercise such jurisdiction. *Citadel Grp. Ltd. v. Washington Reg'l Med. Ctr.*, 536 F.3d 757, 760 (7th Cir. 2008). Illinois's long-arm jurisdiction statute construes a long list of actions as demonstrating submission to the jurisdiction of its courts, including the transaction of business within the state, the commission of a tort within the state, the making of a contract substantially within the state, or being present within the state when served. *See* 735 ILCS 5/2-209. Zara does not allege that Ferrari committed any of these acts.

3

The long-arm statute also includes a catch-all provision that permits the exercise of jurisdiction "on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 ILCS 5/2–209(c). The Seventh Circuit has found no operative difference between the Illinois and federal constitutions for purposes of jurisdictional analysis and accordingly has held that catch-all jurisdiction may be exercised over a defendant in this District only if that exercise is consistent with the U.S. Constitution's Due Process Clause. *Illinois v. Hemi Grp. LLC*, 622 F.3d 754, 756–57 (7th Cir. 2010); *Citadel Group,* 536 F.3d at 761. The Due Process Clause permits the exercise of jurisdiction over a defendant only if she has had sufficient minimum contacts with the forum state such that she "should reasonably anticipate being haled into court there." *Tamburo,* 601 F.3d at 701 (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474 (1985)). A defendant's contacts may subject her to the forum's jurisdiction generally or in specific relation to the activities at issue. *Id.* at 701–02.

Ferrari has had no contact with Illinois sufficient to subject her to the jurisdiction of a court in this state—in either the general or the specific sense. According to her unrebutted declaration, Ferrari lives on St. Kitts while attending school at Ross, lives in Tennessee otherwise, and has never lived in or traveled to Illinois, transacted business here, or owned real or personal property here. (Ferrari Decl. ¶¶ 3–9, Dkt. No. 19.) Her only communication with anyone in Illinois regarding any of the events at issue in this action was with attorneys representing her codefendants after she was served with summons. (*Id.* ¶ 10.)

Zara's sole assertion in support of the exercise of jurisdiction over Ferrari is that her actions tortiously interfered with his contract with Ross, which he characterizes as an "Illinois-based school" by virtue of its control by an Illinois-based parent, Defendant DeVry Education Group, Inc. (Pl.'s Resp. at 5, Dkt. No. 35.) This assertion, even if accurate, is insufficient to

4

establish personal jurisdiction over Ferrari. The Supreme Court has made clear that the necessary minimum contacts with a proposed forum are not established by a defendant's mere direction of her conduct at plaintiffs she knew to have connections with that forum. *See Walden v. Fiore*, 134 S. Ct. 1115, 1125 (2014) (finding that "Petitioner's actions in Georgia did not create sufficient contacts with Nevada simply because he allegedly directed his conduct at plaintiffs whom he knew had Nevada connections").

The *Walden* Court rejected the principle that the location of the plaintiff's injury was sufficient by itself to establish the defendant's minimum contacts with the forum, explaining that "[t]he proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id.* Zara's claimed basis for this Court to exercise jurisdiction over Ferrari is even more attenuated than that rejected in *Walden.* He does not claim that his contract with the Ross Defendants was to be performed in Illinois or that he suffered injury here. Instead, he claims only that his damaged contractual relationship was with an Illinois party. He has offered no suggestion that Ferrari in any way established any contact with Illinois. In short, Zara has failed to make a prima facie showing that this Court's exercise of jurisdiction over Ferrari would satisfy the minimum contacts requirement of the Due Process Clause. Ferrari's motion to dismiss for lack of jurisdiction is accordingly granted.

**II.** *Forum Non Conveniens*

Although Ross asserts a similar jurisdictional argument as Ferrari, its relationship with DeVry Education Group, Inc., a company conceded to have its headquarters in Illinois (*see* Ross Defs.' Supp. Mem. at 3, Dkt. No. 21), is unclear at this stage, as are the three Ross Defendants' contacts with this state for purposes of the school's operation. The Supreme Court's guidance in

5

*Sinochem* indicates that where a basis for *forum non conveniens* dismissal is more readily apparent than the proper resolution of jurisdictional issues, the forum issue may be addressed first. 549 U.S. at 436. The common law doctrine of *forum non conveniens* allows a trial court to dismiss a suit over which it would normally have jurisdiction if it best serves the convenience of the parties and the ends of justice. *Clerides v. Boeing Co.*, 534 F.3d 623, 627–28 (7th Cir. 2008). Here, the Ross Defendants seek dismissal on the grounds that St. Kitts is a more convenient forum.

A threshold requirement for *forum non conveniens* dismissal is the existence of an alternative forum that is both available and adequate. *Stroitelstvo Bulgaria Ltd. v. Bulgarian-Am. Enter. Fund*, 589 F.3d 417, 421 (7th Cir. 2009). An alternative forum is available if all of the parties are amenable to process and within the forum's jurisdiction. *Id.* An alternative forum is adequate if it provides the plaintiff with a fair hearing to obtain some remedy for the alleged wrong. *Id.* It is not necessary that the forum's legal remedies be as comprehensive or as favorable as the claims a plaintiff might bring in an American court. *Id.* Instead, the test is whether the forum provides some potential avenue for redress for the subject matter of the dispute. *Id.*

The Ross Defendants contend that St. Kitts provides an available forum. They note that both Zara and Ferrari resided there as of the commencement of this action and that Ross is subject to process there. And although they do not explicitly make the same representations regarding the DeVry entities, they implicitly do so in arguing that "the very same *forum non conveniens* arguments set forth above with respect to the common law claims against [Ross] would apply equally to the common law claim brought against [DeVry Education Group and DeVry Medical International]." (Ross Defs.' Supp. Mem. at 5, Dkt. No. 21.) In support of their

6

argument that St. Kitts is an adequate forum, the Ross Defendants cite *Panchal v. Medical University of the Americas Limited,* Claim No. NEVHCV2003/0096 (*see* Dkt. No. 21-3), an action in the Eastern Caribbean Supreme Court, High Court of Justice, Federal of St. Kitts and Nevis, in which the plaintiff, a medical student there, prevailed in her claims that the defendant school breached its contract with her by expelling her for academic dishonesty without following its own disciplinary procedures. Zara does not dispute the Ross Defendants' assertion that St. Kitts offers a forum that is both available and adequate. The Court thus concludes that St. Kitts is an appropriate alternative forum.

The *forum non conveniens* analysis must also weigh both private and public interest factors. *Clerides*, 534 F.3d at 628. Private interest factors that may be considered include the relative ease of access to sources of proof, the availability of compulsory process for attendance of unwilling witnesses and the cost of obtaining attendance of those who are willing, and other practical considerations that impact the difficulty, speed, and cost of trial. *Id.* Public interest factors include "the administrative difficulties stemming from court congestion; the local interest in having localized disputes decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflicts of laws or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Id.*[1]

The Ross Defendants assert that both private and public interest factors weigh strongly in favor of litigating Zara's claims in St. Kitts because the events at issue occurred there. Indeed, none of the factual allegations of Zara's complaint refer to any acts occurring anywhere other

---

[1] Zara argues that a plaintiff's choice of forum is entitled to deference. But while that deference is substantial when the plaintiff has sued in his home forum, it is reduced when the action is brought elsewhere. *In re Factor VIII or IX Concentrate Blood Products Litig.*, 484 F.3d 951, 955–56 (7th Cir. 2007). Zara is a Florida resident. (Third Am. Compl. ¶ 5, Dkt. No. 47.) Thus, his choice of forum is entitled to less deference than if he resided in this District.

7

than St. Kitts. His factual allegations implicate Illinois only in that he asserts that Ross and its parent, DeVry Medical International Inc., are "wholly owned, controlled, and run by DeVry Education Group through its Downers Grove, Illinois headquarters." (*Id.* ¶¶ 5, 6.)

On the other hand, the record readily demonstrates the connection between St. Kitts and the events in this case. Zara's complaint specifically identifies a "Mr. Fazio" as a Ross official who investigated the allegations against him and conducted his disciplinary hearing unfairly. (*Id.* ¶¶ 39, 42, 66, 67.) The complaint also identifies Dave and Laura Wright, property managers at the apartment complex where Zara and Ferrari lived together, as witnesses whose testimony the disciplinary committee improperly ignored. (*Id.* ¶¶ 22, 64.) The Ross Defendants support their motion with the declaration of Jeffrey Fazio, Ross's Student Engagement and Professional Standards Specialist. (Dkt. No. 21-2.) The declaration names four Ross faculty members and states that those members joined Fazio to form a "Conduct Panel" that presided over Zara's disciplinary hearing and made the decision to expel him. (Fazio Decl. ¶ 7, Dkt. No. 21-2.) Fazio's declaration asserts that Dave and Laura Wright and three Ross security officers testified at the hearing. Fazio states that he, the other members of the Conduct Panel, the security officers, and the Wrights all live on St. Kitts. (*Id.* ¶¶ 7–10.)

In response, Zara contends that "DeVry Education Group Inc.'s office in the United States was either significantly involved in making the decision to dismiss Zara or actually made the decision." (Bach Aff. ¶ 2, Dkt. No. 34-15.) He also contends that two DeVry Education Group employees in Illinois "have maintained active involvement in emails related to Zara's expulsion." (Pl.'s Resp. Mem. at 10, Dkt. No. 34.) Zara does not claim that any non-party witnesses are located outside St. Kitts.

8

Because the current record shows that the vast majority of witnesses to Ferrari's complaints, Zara's behaviors, and Ross's investigative and disciplinary actions are on St. Kitts, the Court concludes that private interest factors related to the ease of access of proof—including the availability of witnesses—strongly favor litigation in a St. Kitts court.

Zara's arguments regarding the relevant public interest factors focus on the national interest of the United States in holding the Ross Defendants to their alleged promises that students would be protected by United States laws, including Title IX. But Zara does not contend that a St. Kitts court would be unable to enforce any such promise. He also does not address the interest of St. Kitts in deciding a dispute based on events occurring there or this jurisdiction's lack of interest in resolving a dispute over actions in a remote location. The balance of these interests indicates that this Court is not the correct forum for Zara's claims.

In sum, this Court concludes that both private and public interest factors dictate dismissal of Zara's claims in favor of litigation in the courts of St. Kitts. This conclusion would also apply to his claims against Ferrari, even if this Court could properly exercise personal jurisdiction over her. The Ross Defendants' motion to dismiss is accordingly granted.

## CONCLUSION

For the reasons detailed above, the motions by Ferrari and the Ross Defendants (Dkt. Nos. 17 & 20) are granted. This action is dismissed, but without prejudice to Zara asserting his claims in a proper alternative forum.

ENTERED:

Dated:  March 14, 2017

_____
Andrea R. Wood
United States District Judge

9

ILND 450 (Rev. 10/13) Judgment in a Civil Case

Case: 1:16-cv-05156 Document #: 56 Filed: 04/14/17 Page 12 of 20 PageID #:734
Case: 1:16-cv-05156 Document #: 52 Filed: 03/14/17 Page 1 of 1 PageID #:719

# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN DISTRICT OF ILLINOIS

ANTHONY ZARA,

Plaintiff(s),

v.

DEVRY EDUCATION GROUP, INC., et al.,,

Defendant(s).

Case No. 16 CV 5156
Judge Andrea R. Wood

## JUDGMENT IN A CIVIL CASE

Judgment is hereby entered (check appropriate box):

☐ in favor of plaintiff(s)
and against defendant(s)
in the amount of $        ,

which ☐ includes        pre–judgment interest.
☐ does not include pre–judgment interest.

Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

Plaintiff(s) shall recover costs from defendant(s).

☐ in favor of defendant(s)
and against plaintiff(s)

.

Defendant(s) shall recover costs from plaintiff(s).

☒ other: Judgment entered in favor of Defendants and against Plaintiff Anthony Zara.

This action was *(check one)*:

☐ tried by a jury with Judge Andrea R. Wood presiding, and the jury has rendered a verdict.
☐ tried by Judge Andrea R. Wood without a jury and the above decision was reached.
☒ decided by Judge Andrea R. Wood on a motion to dismiss [17][20].

Date: 3/14/2017          Thomas G. Bruton, Clerk of Court

                         Enjoli Fletcher, Deputy Clerk

APPEAL,SCHENKIER,TERMED

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 6.1.1 (Chicago)
### CIVIL DOCKET FOR CASE #: 1:16-cv-05156
### Internal Use Only

Zara v. Devry, Inc. et al  
Assigned to: Honorable Andrea R. Wood  
Demand: $75,000  
Cause: 28:1331 Federal Question  

Date Filed: 05/11/2016  
Date Terminated: 03/14/2017  
Jury Demand: Defendant  
Nature of Suit: 448 Civil Rights: Education  
Jurisdiction: Federal Question  

**Plaintiff**

**Anthony Zara**   represented by   **Jason Jeffrey Bach**
The Bach Law Firm, LLC
7881 West Charleston, Suite 165
Suite 165
Las Vegas, NV 89117
702-925-8787
Email: jbach@bachlawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven Earl Glink**
3338 Commercial Avenue
Northbrook, IL 60062
(847) 480-7749
Email: steve@educationrights.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Devry, Inc.**   represented by   **Brian M Stolzenbach**
*TERMINATED: 05/27/2016*   Seyfarth Shaw LLP
131 South Dearborn Street
Suite 2400
Chicago, IL 60603
(312) 460-5000
Email: bstolzenbach@seyfarth.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Katherine Frances Mendez**

Seyfarth Shaw LLP
131 South Dearborn Street
Suite 2400
Chicago, IL 60603
312 460 5215
Email: kmendez@seyfarth.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Devry Medical Internation, Inc.**
*TERMINATED: 05/27/2016*
*doing business as*
Ross University School of Veterinary Medicine
*TERMINATED: 05/27/2016*

**Defendant**

**Alexa Ferrari**                                 represented by   **Scott A. Schaefers**
                                                                  Brotschul Potts LLC
                                                                  30 N. LaSalle St.,
                                                                  Ste. 1402
                                                                  Chicago, IL 60602
                                                                  (312) 551-9003
                                                                  Email: sschaefers@brotschulpotts.com
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

**Defendant**

**DeVry Education Group, Inc.**                   represented by   **Brian M Stolzenbach**
                                                                  (See above for address)
                                                                  *LEAD ATTORNEY*

                                                                  **Katherine Frances Mendez**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

**Defendant**

**Ross University School of Medicine,**           represented by   **Brian M Stolzenbach**
**School of Veterinary Medicine (St. Kitts)**                     (See above for address)
**Limited**                                                       *LEAD ATTORNEY*
*TERMINATED: 07/11/2016*

                                                                  **Katherine Frances Mendez**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **DeVry Medical International, Inc.** | represented by | **Brian M Stolzenbach** (See above for address) *LEAD ATTORNEY* |
| | | **Katherine Frances Mendez** (See above for address) *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 05/11/2016 | 1 | COMPLAINT filed by Anthony Zara; Jury Demand. Filing fee $ 400, receipt number 0752-11924221. (Attachments: # 1 Civil Cover Sheet)(Bach, Jason) (Entered: 05/11/2016) |
| 05/12/2016 | | CASE ASSIGNED to the Honorable Andrea R. Wood. Designated as Magistrate Judge the Honorable Sidney I. Schenkier. (mgh, ) (Entered: 05/12/2016) |
| 05/13/2016 | 2 | MINUTE entry before the Honorable Andrea R. Wood: Initial status hearing set for 7/14/2016 at 9:00 AM. The parties are directed to meet and conduct a planning conference pursuant to Federal Rule of Civil Procedure 26(f). At least seven days before the initial status hearing, the parties shall file a joint written status report, not to exceed five pages in length. The initial status report shall provide the information described on the Court's website at www.ilnd.uscourts.gov under District Judges, Judge Andrea R. Wood, Initial Status Conference. Mailed notice (ef, ) (Entered: 05/13/2016) |
| 05/13/2016 | 3 | AMENDED complaint by Anthony Zara against All Defendants (Bach, Jason) (Entered: 05/13/2016) |
| 05/17/2016 | 4 | MOTION by Plaintiff Anthony Zara for preliminary injunction (Attachments: # 1 Exhibit One, # 2 Exhibit Two, # 3 Exhibit Three, # 4 Exhibit Four)(Bach, Jason) (Entered: 05/17/2016) |
| 05/19/2016 | | SUMMONS Issued as to Defendants Devry Medical Internation, Inc., Devry, Inc., Alexa Ferrari (pg, ) (Entered: 05/19/2016) |
| 05/19/2016 | 5 | NOTICE of Motion by Jason Jeffrey Bach for presentment of motion for preliminary injunction 4 before Honorable Andrea R. Wood on 5/25/2016 at 09:00 AM. (Bach, Jason) (Entered: 05/19/2016) |
| 05/24/2016 | 6 | ATTORNEY Appearance for Defendant Alexa Ferrari by Scott A. Schaefers (Schaefers, Scott) (Entered: 05/24/2016) |
| 05/24/2016 | 7 | ATTORNEY Appearance for Defendant Devry, Inc. by Katherine Frances Mendez (Mendez, Katherine) (Entered: 05/24/2016) |
| 05/24/2016 | 8 | ATTORNEY Appearance for Defendant Devry, Inc. by Brian M Stolzenbach (Stolzenbach, Brian) (Entered: 05/24/2016) |
| 05/24/2016 | 9 | MOTION by Defendant Alexa Ferrari for extension of time *to file Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction* (Attachments: # 1 Exhibit 4/18/16 |

| | | |
|---|---|---|
| | | Expulsion Letter of Plaintiff)(Schaefers, Scott) (Entered: 05/24/2016) |
| 05/24/2016 | 10 | NOTICE of Motion by Scott A. Schaefers for presentment of extension of time 9 before Honorable Andrea R. Wood on 5/25/2016 at 09:00 AM. (Schaefers, Scott) (Entered: 05/24/2016) |
| 05/25/2016 | 11 | MINUTE entry before the Honorable Andrea R. Wood: Motion hearing held. As stated on the record, Plaintiff may make a supplemental filing in support of his motion for preliminary injunction. Defendant Ferrari's motion for extension of time to answer or otherwise plead 9 is granted. All Defendants shall answer or otherwise plead to Plaintiff's complaint by 6/8/2016. If Defendants file motions to dismiss, Plaintiff shall respond to Defendants' motions by 6/22/2016 and Defendants shall reply by 6/29/2016. The parties' obligation to file a joint written status report is stricken until further order of the Court. The status hearing set for 7/14/2016 is stricken and reset for 7/11/2016 at 10:00 AM. Mailed notice (ef, ) (Entered: 05/26/2016) |
| 05/27/2016 | 12 | SUMMONS Returned Executed by Anthony Zara as to Alexa Ferrari on 5/20/2016, answer due 6/10/2016. (Bach, Jason) (Entered: 05/27/2016) |
| 05/27/2016 | 13 | SUMMONS Returned Executed by Anthony Zara as to Devry, Inc. on 5/20/2016, answer due 6/10/2016. (Bach, Jason) (Entered: 05/27/2016) |
| 05/27/2016 | 14 | SUMMONS Returned Executed by Anthony Zara as to Devry Medical Internation, Inc. on 5/20/2016, answer due 6/10/2016. (Bach, Jason) (Entered: 05/27/2016) |
| 05/27/2016 | 15 | *Second* AMENDED complaint by Anthony Zara against Alexa Ferrari, DeVry Education Group, Inc., Ross University School of Medicine, School of Veterinary Medicine (St. Kitts) Limited, DeVry Medical International, Inc. and terminating Devry Medical Internation, Inc. and Devry, Inc. (Bach, Jason) (Entered: 05/27/2016) |
| 05/27/2016 | 16 | SUPPLEMENT to motion for preliminary injunction 4 (Attachments: # 1 Exhibit Five, # 2 Exhibit Six, # 3 Exhibit Seven, # 4 Exhibit Eight, # 5 Exhibit Nine, # 6 Exhibit Ten, # 7 Exhibit Eleven, # 8 Exhibit Twelve)(Bach, Jason) (Entered: 05/27/2016) |
| 06/08/2016 | 17 | MOTION by Defendant Alexa Ferrari to dismiss for lack of jurisdiction *per Rule 12(b)(2)* (Schaefers, Scott) (Entered: 06/08/2016) |
| 06/08/2016 | 18 | MEMORANDUM by Alexa Ferrari in support of motion to dismiss/lack of jurisdiction 17 (Attachments: # 1 Exhibit Plaintiff's 5/20/16 Return of Service on Alexa Ferrari)(Schaefers, Scott) (Entered: 06/08/2016) |
| 06/08/2016 | 19 | DECLARATION of Alexa Ferrari regarding motion to dismiss/lack of jurisdiction 17 , memorandum in support of motion 18 (Schaefers, Scott) (Entered: 06/08/2016) |
| 06/08/2016 | 20 | MOTION by Defendants Ross University School of Medicine, School of Veterinary Medicine (St. Kitts) Limited, DeVry Medical International, Inc., DeVry Education Group, Inc. to dismiss for lack of jurisdiction (Mendez, Katherine) (Entered: 06/08/2016) |

| | | |
|---|---|---|
| 06/08/2016 | 21 | MEMORANDUM by DeVry Education Group, Inc., DeVry Medical International, Inc., Ross University School of Medicine, School of Veterinary Medicine (St. Kitts) Limited in support of motion to dismiss/lack of jurisdiction 20 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Mendez, Katherine) (Entered: 06/08/2016) |
| 06/08/2016 | 22 | NOTICE of Motion by Katherine Frances Mendez for presentment of motion to dismiss/lack of jurisdiction 20 before Honorable Andrea R. Wood on 7/11/2016 at 10:00 AM. (Mendez, Katherine) (Entered: 06/08/2016) |
| 06/08/2016 | 23 | ATTORNEY Appearance for Defendants DeVry Education Group, Inc., DeVry Medical International, Inc., Ross University School of Medicine, School of Veterinary Medicine (St. Kitts) Limited by Katherine Frances Mendez (Mendez, Katherine) (Entered: 06/08/2016) |
| 06/08/2016 | 24 | ATTORNEY Appearance for Defendants DeVry Education Group, Inc., DeVry Medical International, Inc., Ross University School of Medicine, School of Veterinary Medicine (St. Kitts) Limited by Brian M Stolzenbach (Stolzenbach, Brian) (Entered: 06/08/2016) |
| 06/08/2016 | 25 | MOTION by Defendant Alexa Ferrari to join *in DeVry and Ross University Defendants' Motion to Dismiss for Forum Non Conveniens* (Schaefers, Scott) (Entered: 06/08/2016) |
| 06/08/2016 | 26 | NOTICE of Motion by Scott A. Schaefers for presentment of motion to join 25 before Honorable Andrea R. Wood on 6/16/2016 at 09:00 AM. (Schaefers, Scott) (Entered: 06/08/2016) |
| 06/15/2016 | 27 | MINUTE entry before the Honorable Andrea R. Wood: Defendant Ferrari's motion 25 to join in the motion to dismiss on forum non conveniens grounds filed by the Devry and Ross University Defendants is granted. Defendant Ferrari is granted leave to join in the forum non conveniens motion. The briefing schedule for that motion (see Dkt. No. 11 ) remains in place. The motion presentment date of 6/16/2016 is stricken. Parties need not appear. Mailed notice (ef, ) (Entered: 06/15/2016) |
| 06/22/2016 | 28 | MOTION by Plaintiff Anthony Zara for leave to file *Third Amended Complaint* (Attachments: # 1 Exhibit One-Third Amended Complaint)(Bach, Jason) (Entered: 06/22/2016) |
| 06/22/2016 | 29 | NOTICE of Motion by Jason Jeffrey Bach for presentment of (Bach, Jason) (Entered: 06/22/2016) |
| 06/22/2016 | 30 | MOTION by Plaintiff Anthony Zara for extension of time to file response/reply *PLAINTIFFS EMERGENCY MOTION FOR ONE DAY EXTENSION TO FILE OPPOSITIONS TO MOTIONS TO DISMISS* (Bach, Jason) (Entered: 06/22/2016) |
| 06/22/2016 | 31 | NOTICE of Motion by Jason Jeffrey Bach for presentment of motion for extension of time to file response/reply 30 before Honorable Andrea R. Wood on 6/30/2016 at 09:00 AM. (Bach, Jason) (Entered: 06/22/2016) |
| 06/23/2016 | 32 | MOTION by Plaintiff Anthony Zara for leave to file *Plaintiff's Opposition to Motion to Dismiss Plaintiff's Claims Against Defendants DeVry Education Group, Inc., DeVry Medical International, Inc., and Ross University School of Medicine, School* |

| | | |
|---|---|---|
| | | *of Veterinary Medicine (St. Kitts) Limited in Excess of Page Limits Pursuant to Local Rule 7.1* (Bach, Jason) (Entered: 06/23/2016) |
| 06/23/2016 | 33 | NOTICE of Motion by Jason Jeffrey Bach for presentment of motion for leave to file, 32 before Honorable Andrea R. Wood on 6/30/2016 at 09:00 AM. (Bach, Jason) (Entered: 06/23/2016) |
| 06/23/2016 | 34 | RESPONSE by Anthony Zarain Opposition to MOTION by Defendants Ross University School of Medicine, School of Veterinary Medicine (St. Kitts) Limited, DeVry Medical International, Inc., DeVry Education Group, Inc. to dismiss for lack of jurisdiction 20 (Attachments: # 1 Exhibit one, # 2 Exhibit two, # 3 Exhibit three, # 4 Exhibit four, # 5 Exhibit five, # 6 Exhibit six, # 7 Exhibit seven, # 8 Exhibit eight, # 9 Exhibit nine, # 10 Exhibit ten, # 11 Exhibit eleven, # 12 Exhibit twelve, # 13 Exhibit thirteen, # 14 Exhibit fourteen, # 15 Exhibit fifteen, # 16 Exhibit sixteen, # 17 Exhibit seventeen, # 18 Exhibit eighteen, # 19 Exhibit nineteen)(Bach, Jason) (Entered: 06/23/2016) |
| 06/23/2016 | 35 | RESPONSE by Anthony Zarain Opposition to MOTION by Defendant Alexa Ferrari to dismiss for lack of jurisdiction *per Rule 12(b)(2)* 17 (Attachments: # 1 Exhibit one, # 2 Exhibit two, # 3 Exhibit three, # 4 Exhibit four, # 5 Exhibit five)(Bach, Jason) (Entered: 06/23/2016) |
| 06/23/2016 | 36 | NOTICE by Anthony Zara re response in opposition to motion,, 34 , response in opposition to motion, 35 (Bach, Jason) (Entered: 06/23/2016) |
| 06/27/2016 | 37 | MOTION by Defendants DeVry Education Group, Inc., DeVry Medical International, Inc., Ross University School of Medicine, School of Veterinary Medicine (St. Kitts) Limited for extension of time to file response/reply as to motion to dismiss/lack of jurisdiction 20 *(Extension of Time to File Its Reply Brief in Support of Its Motion to Dismiss and to Move The June 30, 2016 Hearing to July 6, 2016)* (Mendez, Katherine) (Entered: 06/27/2016) |
| 06/27/2016 | 38 | SUPPLEMENT to response in opposition to motion,, 34 (Attachments: # 1 Exhibit twenty, # 2 Exhibit twenty one)(Bach, Jason) (Entered: 06/27/2016) |
| 06/28/2016 | 39 | MOTION by Defendants DeVry Education Group, Inc., DeVry Medical International, Inc., Ross University School of Medicine, School of Veterinary Medicine (St. Kitts) Limited for extension of time to file response/reply as to motion to dismiss/lack of jurisdiction 20 *(DEFENDANTS DEVRY EDUCATION GROUP INC.S, DEVRY MEDICAL INTERNATIONAL, INC.S, AND ROSS UNIVERSITY SCHOOL OF MEDICINE, SCHOOL OF VETERINARY MEDICINES (ST. KITTS) MOTION FOR EXTENSION OF TIME TO FILE ITS REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS AND TO MOVE THE JUNE 30, 2016 HEARING TO JULY 11, 2016, AND TO WITHDRAW DEFENDANTS MOTION FILED AS DOCKET NUMBER 37.)* (Mendez, Katherine) (Entered: 06/28/2016) |
| 06/28/2016 | 40 | NOTICE of Motion by Katherine Frances Mendez for presentment of motion for extension of time to file response/reply,,, motion for relief,, 39 before Honorable Andrea R. Wood on 7/11/2016 at 10:00 AM. (Mendez, Katherine) (Entered: 06/28/2016) |

| | | |
|---|---|---|
| 06/28/2016 | 41 | MINUTE entry before the Honorable Andrea R. Wood: Status and Motion Hearings set for 6/30/2016 is stricken and reset for 7/11/2016 at 10:00 AM. Mailed notice (ef, ) (Entered: 06/28/2016) |
| 06/29/2016 | 42 | MOTION by Defendant Alexa Ferrari for extension of time to file response/reply as to motion to dismiss/lack of jurisdiction 17 , memorandum in support of motion 18 , declaration 19 (Schaefers, Scott) (Entered: 06/29/2016) |
| 06/29/2016 | 43 | NOTICE of Motion by Scott A. Schaefers for presentment of motion for extension of time to file response/reply, motion for relief,, 42 before Honorable Andrea R. Wood on 7/11/2016 at 10:00 AM. (Schaefers, Scott) (Entered: 06/29/2016) |
| 07/01/2016 | 44 | REPLY by DeVry Education Group, Inc., DeVry Medical International, Inc., Ross University School of Medicine, School of Veterinary Medicine (St. Kitts) Limited to MOTION by Defendants Ross University School of Medicine, School of Veterinary Medicine (St. Kitts) Limited, DeVry Medical International, Inc., DeVry Education Group, Inc. to dismiss for lack of jurisdiction 20 (Attachments: # 1 Exhibit A - Declaration of Audrey B. Kaplan)(Mendez, Katherine) (Entered: 07/01/2016) |
| 07/01/2016 | 45 | REPLY by Defendant Alexa Ferrari to response in opposition to motion, 35 (Attachments: # 1 Exhibit)(Schaefers, Scott) (Entered: 07/01/2016) |
| 07/11/2016 | 46 | MINUTE entry before the Honorable Andrea R. Wood: Motion and Status hearing held. Pursuant to the discussion held in open court, the Court rules on the pending motions as follows: Plaintiff's motion for leave to file Third Amended Complaint 28 is granted. The Clerk's Office is directed to separately docket the Third Amended Complaint which is attached as Exhibit 1 to Plaintiff's motion [28-1]. Plaintiff's motion for extension of time to file oppositions to motion to dismiss 30 is granted. Plaintiff's motion for leave to file excess pages 32 is granted. Defendants' motion for extension of time to file reply 37 is terminated as moot. Defendants' motion for extension of time to file reply 39 is granted. Defendant's motion for extension of time to file reply 42 is granted. Status hearing continued to 8/1/2016 at 10:00 AM. Mailed notice (ef, ) (Entered: 07/12/2016) |
| 07/11/2016 | 47 | THIRD AMENDED complaint by Anthony Zara against DeVry Education Group, Inc., DeVry Medical International, Inc., Alexa Ferrari and terminating Ross University School of Medicine, School of Veterinary Medicine (St. Kitts) Limited (jl) (Entered: 07/13/2016) |
| 08/01/2016 | 48 | MINUTE entry before the Honorable Andrea R. Wood: Status hearing set for 8/1/2016 is stricken. The Court will issue a written ruling in short order. Mailed notice (ef, ) (Entered: 08/01/2016) |
| 12/19/2016 | 49 | STATUS Report by Anthony Zara (Bach, Jason) (Entered: 12/19/2016) |
| 03/14/2017 | 50 | MINUTE entry before the Honorable Andrea R. Wood: For the reasons stated in the accompanying Memorandum Opinion and Order, Defendant Ferrari's motion to dismiss 17 and Defendants DeVry Education Group Inc., DeVry Medical International, Inc., and Ross University School of Medicine, School of Veterinary Medicine (St. Kitts) Limited's motion to dismiss 20 are both granted. This action is dismissed in its entirety without prejudice to Plaintiff's ability to bring his claims in |

|  |  |  | an appropriate alternate forum. All other pending motions and hearing dates are stricken. Civil case terminated. Mailed notice (ef, ) (Entered: 03/14/2017) |
|---|---|---|---|
| 03/14/2017 |  | 51 | MEMORANDUM Opinion and Order signed by the Honorable Andrea R. Wood on 3/14/2017. Mailed notice(ef, ) (Entered: 03/14/2017) |
| 03/14/2017 |  | 52 | ENTERED JUDGMENT. Mailed notice(ef, ) (Entered: 03/14/2017) |
| 04/11/2017 |  | 53 | ATTORNEY Appearance for Plaintiff Anthony Zara by Steven Earl Glink (Glink, Steven) (Entered: 04/11/2017) |
| 04/11/2017 |  | 54 | NOTICE of appeal by Anthony Zara regarding orders 52 , 51 Filing fee $ 505, receipt number 0752-13058468. (Glink, Steven) (Entered: 04/11/2017) |
| 04/11/2017 |  | 55 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 54 (ek, ) (Entered: 04/11/2017) |