NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 15, 2017
Decided December 15, 2017

**Before**

DIANE P. WOOD, *Chief Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 17-1755

ANTHONY ZARA,
    *Plaintiff-Appellant*,

    *v.*

DEVRY EDUCATION GROUP, INC., *et al.*,
    *Defendants-Appellees*.

Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.

No. 16–cv–05156

Andrea R. Wood,
*Judge*.

**O R D E R**

Anthony Zara was a former student at the Ross University School of Veterinary Medicine on the Caribbean island of St. Kitts. He sued the university and its corporate parents for gender discrimination under Title IX, breach of contract, and tort violations. The district court granted the defendants' motion to dismiss on forum non conveniens grounds, and dismissed the action. We affirm.

As alleged in his complaint, Zara—now a resident of Florida—became involved in a tumultuous romantic relationship with Alexa Ferrari while both were students at Ross in St. Kitts. After the relationship ended, Ferrari falsely reported to the St. Kitts

police and the university that he had engaged in abusive and threatening behavior towards her. Zara was arrested and placed in a local jail until he was released on bail. He then received a letter from a Ross faculty member informing him that he had been suspended pending an investigation into Ferrari's allegations.

Zara says that he was informed by Ross officials that Ferrari's complaint would be considered at a disciplinary hearing, and he was given only one hour to review the materials that the panel—comprised of local faculty members—intended to present against him. After the hearing, the panel determined that most of Ferrari's allegations were true and issued a notice of expulsion against Zara for violating several provisions of the school's Code of Conduct.

Zara then moved to Florida and filed this suit under Title IX, 20 U.S.C. § 1681. He also asserted state law claims for breach of contract, negligence, and intentional infliction of emotional distress. Although he did not specify why he chose the Northern District of Illinois, he alleged that Ross is "owned, controlled, and run" by DeVry Education Group,[1] which maintains its headquarters in Downers Grove, Illinois.

The defendants filed a motion to dismiss based on the doctrine of forum non conveniens, which allows a court to dismiss a case properly before it when litigation would be more convenient in a foreign forum. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947). In the defendants' view, St. Kitts was a more appropriate forum for the lawsuit: the parties all were amenable to process there, St. Kitts had provided similar plaintiffs with satisfactory remedies, and St. Kitts had a "strong local interest" in resolving the dispute (the events relevant to the suit had occurred in St. Kitts, all possible witnesses resided in St. Kitts, and Ross was incorporated and maintained its principal place of business in St. Kitts). Zara opposed the motion. He conceded that St. Kitts "might be an alternative and adequate forum to dispute most … of the claims." But he argued that Illinois was a more appropriate forum because the decision-making parent company and its senior-level staff members were located there and because Ross—in another lawsuit involving a trademark-infringement claim—previously chose Illinois courts as a convenient forum.

The court agreed with the defendants that private and public interest factors favored litigation in St. Kitts and dismissed the action without prejudice. Noting that

---

[1] DeVry Education Group changed its name in May 2017 to Adtalem Global Education. ADTALEM GLOBAL EDUCATION, http://www.adtalem.com.

"Zara does not dispute the Ross Defendants' assertion that St. Kitts offers a forum that is both available and adequate," the court concluded that St. Kitts met the threshold requirement for applying the doctrine of forum non conveniens. To support its finding that Zara would have access to an adequate remedy in the St. Kitts courts, District Judge Wood pointed to a case from the Eastern Caribbean Supreme Court, in which a similarly situated student prevailed in her claims against a defendant school for breach of contract. *See Panchal v. Med. Univ. of the Ams. Ltd.*, Claim No. NEVHCV2003/0096 (Eastern Caribbean Sup. Ct., St. Kitts and Nevis, Nevis Cir. Mar. 28, 2011).

On appeal Zara argues that the district court abused its discretion in applying the doctrine of forum non conveniens because the defendants did not meet their burden of showing that St. Kitts has an adequate legal system to remedy his claims. To make this showing, Zara argues, the defendants should have produced evidence—through expert witnesses and supporting affidavits—"explain[ing] the St. Kitts legal process or the availability of remedies under St. Kitts' law in cases like this." *See, e.g., Stroitelstvo Bulg., Ltd. v. Bulgarian-Am. Entpr. Fund*, 589 F.3d 417, 421 (7th Cir. 2009) (relying on expert testimony to establish adequacy of a Belgian forum). Zara disparages the aforementioned St. Kitts case as "woefully inadequate" to support the defendants' high evidentiary burden.

The defendants assert, however, that Zara waived this issue on appeal by failing to present it first to the district court. They note that Zara "barely mentioned the issue" in his opposition to their motion to dismiss his claims, and what little he said was only to concede that St. Kitts "might be an alternative and adequate forum." The defendants also cite cases from sister circuits that have applied waiver when plaintiffs—in opposing a motion to dismiss—fail to challenge the adequacy of the alternate forum. *See Galbert v. W. Caribbean Airways*, 715 F.3d 1290, 1295 (11th Cir. 2013) ("The appropriate time for a plaintiff to argue the unavailability of an alternate forum is in their brief opposing a defendant's motion to dismiss based on *forum non conveniens*."); *Geier v. Omniglow Corp.*, 357 Fed. App'x 377, 380 (2d Cir. 2009) (finding that defendants waived challenge to the adequacy of Austrian forum by arguing "the *opposite* in opposing defendants' motion to dismiss" (emphasis in original)).

We agree that Zara waived any challenge to the adequacy of the St. Kitts courts by failing to address this issue in the district court. In opposing the motion to dismiss, Zara wrote only that "St. Kitts might be an alternative and adequate forum to dispute most, but not all, of the claims"; on this point, however, he said nothing more in the district court. Even after the defendants highlighted this omission in their reply,

No. 17-1755                                                                                          Page 4

asserting that "Plaintiff does not dispute that St. Kitts is an adequate alternate forum for the lawsuit," Zara did not seek leave to file a surreply and correct the defendants' representation. Zara bore the responsibility—as a party in our adversarial system of justice—to raise this issue before the district court. *See G&S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012). His undeveloped, conclusory insinuation that St. Kitts "might" be an inadequate forum was insufficient to preserve the issue on appeal.

We have considered Zara's remaining arguments, and none merits discussion.

AFFIRMED.

CERTIFIED COPY

A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit